888 F.2d 1391
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard LIVESAY, Plaintiff-Appellant,
v.
John C. RUNDA, Joanie Abramson-Mueller, Larry Ball, Louis C.
Karibo, Newton McGravy, Helen M. Hughes, Dennis
Langley, Defendants-Appellees.
 No. 89-5323.
 United States Court of Appeals, Sixth Circuit.
 Nov. 9, 1989.
 
 1
 Before MERRITT, Chief Judge, WELLFORD, Circuit Judge, and ROBERT M. DEMASCIO, Senior District Judge.*
 
 ORDER
 
 2
 Plaintiff, Richard Livesay, appeals an order of the district court which dismissed his civil rights action. He now moves for a default judgment. Upon review of the record and plaintiff's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff, an inmate at the Kentucky State Penitentiary, filed a complaint pursuant to 42 U.S.C. Sec. 1983 in the District Court for the Western District of Kentucky. As the basis of his cause of action, he related that in 1984 defendants, members of the Kentucky Parole Board, had deferred any decision concerning his eligibility for parole for 48 months due to the seriousness of the offenses of which he had been convicted, his resort to violence in their commission, the fact that he had taken another's life and his history of prior convictions and incarcerations. Plaintiff further stated that upon the completion of the deferment period, he again appeared before defendants who now recommended release on parole pending both the approval of his plan to live and work in Louisiana and his continued good conduct during the remainder of his incarceration. Finally, plaintiff alleged that Louisiana authorities refused to accept supervision of his parole, thereby necessitating renewed proceedings before defendants who withdrew their original favorable recommendation and ordered that any decision regarding his eligibility for parole be deferred an additional 96 months. Plaintiff characterized that action as contrary to his rights under Ky.Rev.Stat. Sec. 439.340 and Ky.Admin.Reg. Sec. 1:011 due to defendants' reliance upon the same reasons given to justify the original 48 month parole deferral. Upon review of those allegations, however, the district court determined that plaintiff had no interest in parole sufficient to give rise to a cause of action under 42 U.S.C. Sec. 1983. Accordingly, the court concluded that plaintiff's cause of action was frivolous and dismissed the complaint pursuant to 28 U.S.C. Sec. 1915(d). Plaintiff then filed this appeal.
 
 
 4
 Based upon a careful examination of the record, the court has concluded that the district court did not err in dismissing the complaint. Therefore, the motion for a default judgment is hereby denied and the district court's final order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert M. DeMascio, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation